UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| HEROIC ERA, LTD, | ) | |
| Plaintiff(s), | ) | No. C10-2458 SBA (BZ) |
| v. | ) | |
| | ) | **ORDER AFTER HEARING** |
| EVONY, LLC, et al., | ) | |
| Defendant(s). | ) | |

Following a hearing to address the issues raised in the defendants' motion for contempt and to compel (Dkt. No. 37) and plaintiff's motion to quash, at which the parties were represented by counsel, and for the reasons stated herein and at the hearing, **IT IS HEREBY ORDERED** as follows:

1. Plaintiff's motion to quash is **GRANTED WITHOUT PREJUDICE** on the conditions that: (1) plaintiff files the declaration of Randall Moeller as discussed during the hearing; and (2) plaintiff appears for a Rule 30(b)(6) deposition on this issue no later than March 9, 2011. Defendant shall provide the deposition topic by noon on Monday, February 28, 2011.

1

    2.   The eight witnesses served with Rule 45 subpoenas neither objected nor appeared for deposition.  These witnesses are therefore precluded from offering any testimony by declaration or at trial.  To the extent that defendants seek to have the witnesses held in contempt, the Court will certify the facts to Judge Armstrong.

    3.   Plaintiff's failure to provide a privilege log waived all assertions of privilege as a basis for withholding any requested documents.  All documents withheld on the basis of privilege in connection with the motion for contempt shall be delivered to defendants by March 9, 2011.

    4.   The Second Discovery Order informed plaintiff that if it wanted to supplement its responses made to discovery requests, it must do so by December 13, 2010. (Dkt. No. 54).  Plaintiff has represented that it has provided all of the information it has in response to the interrogatories.  Therefore, plaintiff is precluded from supplementing any of its responses to defendants' interrogatories and may not rely on any information that is not contained therein.

    5.   In response to defendants' interrogatories requesting information on seven asserted affirmative defenses, plaintiff provided boilerplate responses stating "discovery is still ongoing, and Heroic Era will supplement this answer as further responsive information is discovered."  (See Gardner Decl., Exh. 27, Interrogatory Nos. 6, 7, 9, 10, 11, 13, 14).  Plaintiff never amended any of these responses.  Because these responses are evasive and not made in good faith, these affirmative defenses are stricken.  To the extent plaintiff

1  answered the remaining interrogatories, defendants' motion to
2  compel is denied because plaintiff claims to have provided all
3  of the information available.  However, plaintiff is precluded
4  from offering any testimony by declaration or at trial that is
5  not contained in its responses to defendants' interrogatories.
6       6.   Defendants have established that the document
7  production in relation to defendants' suit for damages is so
8  incomplete that they cannot prove their case.  Plaintiff
9  claims that it has produced all available documentation.
10 Defendants shall file a list of the categories of documents
11 they require to proceed with their claim for damages by noon
12 on February 28, 2011.  Plaintiff shall appear for a Rule
13 30(b)(6) deposition to take place in this Court no later than
14 March 9, 2011.  A list of deposition topics will be issued on
15 Monday, February 28, 2011.
16      7.   Plaintiff's request for a protective order is denied.
17 Plaintiff through counsel shall notify defendants and the
18 Court by noon on Tuesday, March 1, 2011 which date the
19 corporate witnesses will be in San Francisco for deposition.
20      8.   Plaintiff is admonished that failure to abide by this
21 Order may result in sanctions pursuant to Rule 37(b)(2)(A),
22 such as the dismissal of this action and entry of
23 counterdefendant's default.
24 Dated: February 25, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

27 G:\BZALL\-REFS\HEROIC ERA V. EVONY\ORDER AFTER HEARING.wpd