# EXHIBIT 13

```
Exhibits:   None                                   Pages 1-21
            UNITED STATES DISTRICT COURT
              FOR THE NORTHERN DISTRICT
              OF CALIFORNIA (OAKLAND)
         -----------------------------
HEROIC ERA, LTD.,

            Plaintiff/Counterclaim Defendant


vs.                            Case No. 10-cv-2458 SBA


EVONY, LLC, et al.,

            Defendants/Counterclaim Plaintiffs
         -----------------------------
                   TELECONFERENCE


      Monday, November 15, 2010, 5:01 p.m.



 ------- Reporter:  David A. Arsenault, RPR -------
     daa@fabreporters.com   www.fabreporters.com
           Farmer Arsenault Brock LLC
 50 Congress Street, Suite 415, Boston, Mass. 02109
         617.728.4404   fax 617.728.4403
```

Heroic Era Ltd. v. Evony, LLC, et al. - Teleconference
November 15, 2010

2 (Pages 2 to 5)

Page 2

```
 1   APPEARANCES:
 2
 3   Newman & Newman, Attorneys at Law, LLP
 4       Derek Linke, Esq.
 5       505 Fifth Avenue South, Suite 610
 6       Seattle, Washington  98104
 7       206.274.2800  fax: 206.274.2801
 8       linke@newmanlaw.com
 9       for Heroic Era, Ltd.
10
11
12   Edwards Angell Palmer & Dodge LLP
13       Andrew T. O'Connor, Esq.
14       Steven M. Cowley, Esq.
15       111 Huntington Avenue
16       Boston, Massachusetts 02199
17       617.239.0100  fax: 617.227.4420
18       scowley@eapdlaw.com
19       aoconnor@eapdlaw.com
20
21
22
23
24
```

Page 3

```
 1             PROCEEDINGS - 5:01 p.m.
 2        MR. O'CONNOR:  Mr. Linke, as you are
 3   aware, we asked that counsel for plaintiff make
 4   themselves available for a meet and confer for
 5   numerous issues that are outstanding in discovery
 6   that I want to address with you.  The first is that
 7   as of today, we have not received any responses to
 8   any of the discovery that Evony and Regan Mercantile
 9   have propounded in this case.  That includes Regan
10   Mercantile's first set of interrogatories, Evony's
11   first set of interrogatories, Evony's second set of
12   interrogatories, Evony and Regan Mercantile's first
13   set of requests for production, and Evony and Regan
14   Mercantile's second set of requests for production.
15   All were served and all are past due.  We have not
16   received any responses or objections.
17        My first question is, why not?
18        MR. LINKE:  Because we haven't completed
19   preparing the responsive materials yet.
20        MR. O'CONNOR:  But we have not received
21   any written responses; is that correct?
22        MR. LINKE:  That is correct.
23        MR. O'CONNOR:  All right.  You are aware
24   that under the Rules of Civil Procedure you have
```

Page 4

```
 1   waived your objections.  When you provide your
 2   responses, they are going to contain no objections,
 3   correct?
 4        MR. LINKE:  I disagree with your
 5   interpretation of the rules.
 6        MR. O'CONNOR:  All right.  Please give
 7   me your interpretation of the rule.
 8        MR. LINKE:  I didn't know we were going
 9   to attend a meet and confer today for the issue of
10   whether or not you were going to challenge my
11   objections.
12        MR. O'CONNOR:  You haven't given us any
13   objections.
14        MR. LINKE:  So then this is premature.
15        MR. O'CONNOR:  My question then is, if
16   you are going to give us objections, what is your
17   basis for saying they aren't waived?
18        MR. LINKE:  Since I haven't yet served
19   any objections on you, I haven't any comment at this
20   time.
21        MR. O'CONNOR:  Is it your position,
22   then, that if you give us objections they are
23   timely?
24        MR. LINKE:  Since I have not yet
```

Page 5

```
 1   provided objections, which I have agreed to do now
 2   three times, I don't have a comment on that.  I
 3   think it is hypothetical.
 4        MR. O'CONNOR:  Mr. Linke, this is a very
 5   simple question.  Is it your position that you
 6   cannot assert any objections or that you can?  What
 7   is your position?
 8        MR. LINKE:  My position is that I have
 9   not yet served written objections.
10        MR. O'CONNOR:  And what is your basis
11   for saying that you can?
12        MR. LINKE:  I haven't commented on
13   whether I can or cannot.
14        MR. O'CONNOR:  That's right.  I'm asking
15   you if you can or cannot.  What is your basis for
16   saying that you can?
17        MR. LINKE:  I have not said whether I
18   can or cannot.
19        MR. O'CONNOR:  Okay.  Can you or can't
20   you?
21        MR. LINKE:  I'm not here to answer
22   deposition questions.  I'm here for the purpose of a
23   meet and confer regarding discovery responses.
24        MR. O'CONNOR:  You mean lack of
```

**Page 6**

discovery responses.
    MR. LINKE: You're asking me hypotheticals.
    MR. O'CONNOR: Let me ask you a question very simply here. When do plaintiff contend their discovery responses were due under the Rules of Civil Procedure?
    MR. LINKE: Which discovery responses are you speaking about? They were served on multiple dates.
    MR. O'CONNOR: Regan Mercantile's first set of interrogatories served on Heroic Era on October 1, 2010, what is your position as to when those were due?
    MR. LINKE: Hold on and I'll find out.
    I contend the written responses for those were due on Monday, November 1st.
    MR. O'CONNOR: Okay. Why did you not respond on Monday, November 1st?
    MR. LINKE: Again, I don't think your questions are conducive to resolving the issues present in this meet and confer. You are asking me as if I'm a deponent. I don't think that's very productive. I'm here to discuss with you your

**Page 7**

outstanding discovery requests and when my client is going to get you responses. I know you are trying to prove points on the record, but I don't think that is very productive.
    MR. O'CONNOR: What's not protective is the lack of discovery in this case. Your responses are overdue. I want to know why they are overdue and when we are getting them.
    MR. LINKE: Well, there we go. Let me talk about progress.
    MR. O'CONNOR: That's question number two. You have to answer question number one.
    MR. LINKE: I started out this call by acknowledging that my client had not produced discovery responses yet. So I think we have resolved that issue. I don't know what you are talking about.
    MR. O'CONNOR: All right. I want to know if I'm going to get responses ever, are there going to be objections attached to them?
    MR. LINKE: I haven't finalized the responses yet. I have no comment.
    MR. O'CONNOR: You have no comment on whether you are going to object to discovery

**Page 8**

responses. Is that what you're saying?
    MR. LINKE: That's right. Right now the status of discovery responses, they are work product.
    MR. O'CONNOR: The discovery responses are work product.
    MR. LINKE: My current draft of discovery responses are work product.
    MR. O'CONNOR: Oh, your draft is work product. So when are we getting discovery responses, Mr. Linke? I want a date.
    MR. LINKE: Our current internal plan, which is why I have Charlotte on the call, is to have responses to all outstanding discovery requests, including responsive documents, to your clients by Friday, November 12th. I'm sorry, I have the wrong week. The 19th.
    MR. O'CONNOR: The 12th has already passed. The 19th you said?
    MR. LINKE: Current. That's our current internal time frame for getting them served to defendants.
    MR. O'CONNOR: An internal time frame is not good enough. I need to move to compel to get

**Page 9**

these responses. I need to know a date certain that you're saying you're going to provide the responses. Telling me that your game plan or whatever it was that you said, your intention or game plan is not good enough, because you say that all the time. What I need is the date. I need to know that exactly November 19th and no later I will have responses.
    MR. LINKE: It is my intention to provide them to you by November 19th.
    MR. O'CONNOR: If you don't?
    MR. LINKE: You have the same remedy that you have now.
    MR. O'CONNOR: Which is I could move to compel and have any objections stricken.
    MR. LINKE: I am not about to tell you what sort of relief you will obtain from the court is.
    MR. O'CONNOR: What discovery responses are you telling me now that you are going to provide on November 19th? Discovery responses to which discovery?
    MR. LINKE: Discovery responses to Evony's first set of interrogatories to Heroic Era.

Page 10

1  Discovery responses to Evony's first set of
2  interrogatories -- I'm sorry, Regan Mercantile's
3  first set of interrogatories to Heroic Era.
4  Discovery responses to Regan Mercantile and Evony's
5  first set of requests for production to Heroic Era.
6  Discovery responses to Evony's second set of
7  interrogatories to Heroic Era. And responses to
8  Evony and Regan Mercantile's second set of requests
9  for production to Heroic Era.
10          MR. O'CONNOR: I didn't want to
11 interrupt. I'm sorry, Mr. Linke, is there anything
12 else?
13          MR. LINKE: I believe that I listed each
14 of the sets of discovery requests that you
15 enumerated at the beginning of our call.
16          MR. O'CONNOR: Right. What I want to
17 figure out is --
18          MR. LINKE: Were there others that you
19 had in mind?
20          MR. O'CONNOR: I just want to make sure
21 we are on the same page here. Five sets of
22 discovery requests, correct?
23          MR. LINKE: Correct.
24          MR. O'CONNOR: Now, I simply cannot

Page 11

1  comprehend why you still need until Friday the 19th
2  when, as you've just conceded, they were due more
3  than two weeks ago. You have had more than a month
4  and a half to finish these. Is it impossible to get
5  them sooner than November 19th?
6          MR. LINKE: It is not impossible. I
7  would be happy to produce them to you if they are
8  ready before that. But I understand from our
9  conversation that it is important to you to have a
10 more certain date. That's what I'm attempting to
11 provide you with, more certainty.
12          MR. O'CONNOR: Mm-hmm. Are you
13 producing all documents responsive to all the
14 document requests?
15          MR. LINKE: I don't understand your
16 question.
17          MR. O'CONNOR: In response to the
18 document requests, are you willing to produce all
19 documents responsive to each and every document
20 request?
21          MR. LINKE: Yes.
22          MR. O'CONNOR: Without objection?
23          MR. LINKE: I don't know. We've talked
24 about it. Are we going to have that part of the

Page 12

1  discussion again?
2          MR. O'CONNOR: That's my point. I want
3  to know if I'm going to be having you produce little
4  to no documents based on objections that are waived.
5  That's why I asked the question for you to state the
6  basis for which you believe your objections not
7  waived, but you are unwilling to do so.
8          MR. LINKE: Because we are talking about
9  objections that have not been made.
10          MR. O'CONNOR: My question is, what is
11 your basis for saying they can be made?
12          MR. LINKE: I think it depends on a
13 number of things for which objections have been
14 made.
15          MR. O'CONNOR: What are a number of
16 things that it depends on?
17          MR. LINKE: At this time, I think it is
18 premature to discuss that. I have no comment.
19          MR. O'CONNOR: It is not premature to
20 discuss that. That's the subject of this meet and
21 confer.
22          MR. LINKE: I reviewed your
23 correspondence carefully, and that is not the
24 subject of this meet and confer.

Page 13

1          MR. O'CONNOR: It is, quote, "Heroic
2  Era's failure to provide any responses to
3  defendant's first set of discovery requests." I
4  want to know -- we don't have them. You are telling
5  me you may object. I want to know what your basis
6  is for objecting.
7          MR. COWLEY: Sorry I'm late.
8          MR. LINKE: I prepared for the meet and
9  confer that you requested with regard to the
10 subjects you requested.
11          MR. O'CONNOR: And those subjects are
12 the outstanding discovery requests. You're telling
13 me you're going to produce documents on November
14 19th, 2010 in response to documents. You are also
15 telling me you may have objections. My conclusion
16 is that you are obviously going to be withholding
17 documents based on those objections. I'm asking you
18 again, what is your basis for stating that you can
19 raise objections untimely and that they are not
20 waived? What is your basis for that?
21         MR. LINKE: I think the tone of this
22 conversation is completely improper. You are
23 mischaracterizing things that I said. You are
24 saying that I will be improperly withholding

### Page 14

 1  documents.  That's not true.
 2      MR. O'CONNOR:  Mr. Linke, semantics are
 3  not helping here.  Are you going to withhold
 4  documents based on objections I haven't seen yet?
 5      MR. LINKE:  You are asking me to
 6  speculate.  I have no idea how to answer the
 7  question, so I have no comment.
 8      MR. O'CONNOR:  I'm still waiting for an
 9  answer.
10      MR. COWLEY:  Wait a minute.  This is a
11  really simple question.  Mr. Linke, do you take the
12  position that you can still assert objections?
13      MR. LINKE:  Yes.
14      MR. COWLEY:  Based on what?
15      MR. LINKE:  I have no comment on that.
16  I haven't made objections yet.
17      MR. COWLEY:  What are you basing your
18  position on that you can assert any objections at
19  this point?
20      MR. LINKE:  I'm not here for a meet and
21  confer regarding objections that haven't been made.
22      MR. COWLEY:  It will be up to the
23  magistrate judge to determine whether or not you are
24  actually participating in good faith in the meet and

### Page 15

 1  confer.  My silence does not suggest in any way that
 2  I agree with you.  I'm asking the questions because
 3  I absolutely believe you are obligated to talk about
 4  it.  If you refuse to, it is for someone else to
 5  decide you were supposed to.  I want to make very
 6  clear, I want to know right now on this meet and
 7  confer about the discovery requests we have served
 8  and received no response to yet, what you're basing
 9  the position that you can assert any objection on.
10  Will you tell me or not?
11      MR. LINKE:  I understand you are trying
12  to get me to take a position on the record regarding
13  discovery objections that have not been made that
14  are speculative.  It is outside the scope of this
15  meet and confer based on what you requested.
16      MR. COWLEY:  Is it accurate to say that
17  you will not tell me an answer to the question so
18  that we can move on?
19      MR. LINKE:  If you keep interrupting my
20  responses, I'm going to stop answering any
21  questions.
22      MR. COWLEY:  I didn't realize I was
23  interrupting.  I thought you were done.
24      MR. LINKE:  I was in the middle of a

### Page 16

 1  word.
 2      MR. COWLEY:  I didn't hear it that way.
 3  Again, I'm trying to get the answer.  Go ahead.
 4  Please complete your answer.  Are you going to tell
 5  me what the basis is or are you refusing to answer
 6  and we can move on?
 7      MR. LINKE:  I have no comment.  Let's
 8  move on.
 9      MR. COWLEY:  Andrew, do you have any
10  other questions?
11      MR. O'CONNOR:  Those are my questions
12  about the discovery requests.  You are telling me
13  that you are going to respond to discovery on
14  November 19.  You may object in those responses, but
15  you will not disclose what your basis is for
16  objecting on timing.  Am I correct?
17      MR. COWLEY:  I just told him we would
18  move on.  I told him we would move on.  He is
19  refusing to provide an answer.  If we move to compel
20  or we move for sanctions for refusing to comply in
21  good faith with this meet and confer, his position
22  is clear.  He's not going to talk about it.  He's
23  not going to tell us what the basis is for even
24  claiming they have a right to object from this point

### Page 17

 1  forward.  So if we need to move to compel to have
 2  the court instruct them they cannot object or
 3  withhold anything on the 19th, we will do so and
 4  seek appropriate relief for refusing to talk about
 5  it.
 6      MR. LINKE:  I'm not going to object on
 7  the record to your characterization of my position.
 8      MR. COWLEY:  That's perfectly fine.
 9  That doesn't change my position of what you've told
10  us and what you are doing.
11      Andrew, do you have anything else?
12      MR. O'CONNOR:  That's just for the
13  discovery requests.
14      MR. COWLEY:  Okay.
15      MR. O'CONNOR:  The next topic was about
16  the failure to comply with the subpoenas.  We have
17  not received any documents in response to the
18  subpoenas that we served.  Am I correct, Mr. Linke?
19      MR. LINKE:  Is what correct?
20      MR. O'CONNOR:  That we have not received
21  any documents in response to the subpoenas that we
22  served on the individuals listed in the initial
23  disclosures?
24      MR. LINKE:  I haven't produced any

18

1  documents on behalf of those individuals.
2       MR. O'CONNOR: Why not?
3       MR. LINKE: Because we are preparing
4  them, those documents, along with the other
5  documents that we are assembling in response to the
6  discovery requests.
7       MR. O'CONNOR: Do you take the position
8  that the responses are already due?
9       MR. LINKE: No.
10      MR. O'CONNOR: Are the witnesses going
11 to be produced for a deposition on the date
12 identified, at the location identified?
13      MR. LINKE: I would assume unless
14 counsel agrees otherwise for other dates, other
15 times; then, yes. I have no reason to believe that
16 they wouldn't be.
17      MR. O'CONNOR: I mean, you're intending
18 to produce them.
19      MR. LINKE: I've already answered this
20 question. Are you trying to recharacterize what
21 I've said?
22      MR. O'CONNOR: I have no idea what you
23 mean if counsel agrees otherwise. No one has
24 suggested an agreement otherwise. You never asked;

19

1  I never asked.
2       MR. LINKE: Right. But do you not
3  contend that if counsel were to stipulate to another
4  agreement that that agreement -- never mind.
5       MR. O'CONNOR: Do you intend to ask for
6  such an agreement? That's what I'm asking you. You
7  are confusing me by referring to an agreement that
8  no one has ever discussed or put on the table. What
9  is the hypothetical you are positing? Are you
10 intending to ask us to agree to another day? Are
11 you saying you are intending they are going to be
12 here?
13      As I understand the requirements --
14 these people either know that they can travel on
15 that day or know they can't. If the argument is
16 ever going to be put forward that they are not
17 prepared to travel, they don't have appropriate
18 visas, I'm asking you to tell us, is there anything.
19 Because I'm not raising any requests for an
20 agreement for anything else. I don't know what
21 you're referring to by such an agreement.
22      MR. LINKE: I was referring in general
23 to the practice of counsel in litigation to work out
24 deposition time frames to accommodate each other's

20

1  schedules. And I just stated that counsel in this
2  case would provide each other similar courtesies if
3  the need arose.
4       MR. O'CONNOR: Are you requesting those?
5       MR. LINKE: I'm not, not at this point.
6  I have no reason to. I was just leaving open the
7  possibility that that would be available either for
8  you or for plaintiff's counsel. I was just
9  commenting that that was a customary practice.
10      MR. COWLEY: So we are clear, as of
11 right now you are telling us you have no expectation
12 to make such a request. I think that's clear on the
13 record. We'll move on.
14      MR. COWLEY: Anything else, Andrew?
15      MR. O'CONNOR: I believe that was all.
16      MR. COWLEY: Thanks. We are all set.
17      MR. LINKE: Thank you very much.
18      (5:22 p.m.)

21

1        C E R T I F I C A T E
2
3
4       I, David A. Arsenault, Registered
5  Professional Reporter, and Certified Reporter in the
6  Commonwealth of Massachusetts, #100693, do hereby
7  certify that the foregoing record is a true and
8  accurate transcript of my stenographic notes taken
9  on November 15, 2010 in the above-captioned matter.
10
11
12
13
14
15
16
17
18
19
20
21      _____
22         David A. Arsenault, RPR
23
24