# EXHIBIT 16

# O'Connor, Andrew

| | |
|---|---|
| **From:** | Sarah Skaggs [sarah@newmanlaw.com] |
| **Sent:** | Thursday, December 02, 2010 8:14 PM |
| **To:** | O'Connor, Andrew; Gardner, Joshua; Cowley, Steven |
| **Cc:** | <Linke |
| **Subject:** | Heroic Era, Ltd. v. Evony, LLC et al |
| **Attachments:** | Evony 2010-12-02 re Depositions DL.pdf |



Evony 2010-12-02
 re Deposition...

```
          Dear Counsel,

Attached please find a letter from Derek Linke regarding the above referenced matter.
Hard copies will follow by facsimile and U.S. Mail.

Very truly yours,

Sarah Skaggs
Paralegal
Newman & Newman,
Attorneys at Law, LLP
```

# Newman & Newman
### ATTORNEYS AT LAW, LLP

505 Fifth Avenue South
Suite 610
Seattle, Washington
98104

phone 206.274.2800
fax 206.274.2801

www.newmanlaw.com
info@newmanlaw.com

**SENT VIA U.S. MAIL, EMAIL, AND FACSIMILE TO (617) 227-4420**

December 2, 2010

Andrew T. O'Connor
Email: <aoconnor@eapdlaw.com>

Joshua W. Gardner
Email: <jgardner@eapdlaw.com>

Steven M. Cowley
Email: <scowley@eapdlaw.com>

Edwards Angell Palmer & Dodge
111 Huntington Avenue
Boston, Massachusetts 02199

    Re: *Heroic Era, Ltd. v. Evony, LLC, et al.*;
          U.S.D.C. N.D. Cal. Case No. 10-cv-2458 SBA

Dear Messrs. O'Connor, Gardner, and Cowley:

I write regarding Evony's noted depositions. Heroic Era's witnesses will not be available then for the following reasons: 1) it is extremely burdensome, and in some cases impossible, for the witnesses to travel to the United States; 2) Evony has not provided translators necessary to conduct the depositions of non-English speaking witnesses; and 3) Evony has not identified a suitable deposition location.

### A. Heroic Era's Witnesses Face a Severe Hardship by Being Require to Travel to the United States for Deposition

As you know, all of the witnesses Evony seeks to depose reside in China,[1] and it is extremely burdensome for them to travel to the United States for

---

[1] Heroic Era provided my law firm's address in Seattle for these witnesses so that Evony would not need to incur the substantial cost of effecting personal service on each of them in China. However, they do not reside in Seattle or have any other connection to Seattle.

*December 2, 2010*
*Page 2 of 3*

deposition. Travel to the United States requires the witnesses to leave their families and professional responsibilities for a minimum of three days. Additionally, the witnesses must secure visas for entry into the United States—an impossibility for several of the witnesses. Based on these concerns, Heroic Era requests that the depositions be held within China; conducted through video; or, held in Seattle, but at a later date which would allow the witnesses opportunity to secure proper travel documents.

Heroic Era notes that should the witnesses travel to attend Evony's depositions, each witness is entitled to travel expenses paid by Evony. Specifically, Section 1821 of Title 28 of the United States Code requires the serving party to pay travel expenses to the witness attending a deposition, including the actual cost of airfare and a subsistence allowance where attendance necessitates an overnight stay. 18 U.S.C. § 1821(c)-(d). Each witness is entitled to receive these travel expenses. Heroic Era estimates the cost of airfare between Guangzhou, China and Seattle, Washington to be approximately $1,500.00 per witness. The subsistence allowance, based on the per diem rates prescribed by the Administrator of General Services, is $210.00[2] per day. Each witness expects Evony to compensate him for travel expenses incurred in attending Evony's deposition.

**B.     Non-English Speaking Deponents Require a Translator**

Although the majority of witnesses do not speak or understand English, Evony has provided no evidence that it has secured translators qualified to interpret deposition questions and testimony. Because of the heavy burden associated with travelling to Seattle from China, Heroic Era seeks confirmation that Evony has secured deposition translators qualified to interpret issues of intellectual property who are also members in good standing with the American Association of Language Specialists.[3] If Evony has not secured appropriate translators, Evony cannot meaningful conduct productive dispositions.

---

[2] Maximum lodging costs are $139.00, excluding taxes, and $71.00 for meals and other expenses. United States General Service Administration, *FY 2011 Per Diem Rates for Seattle, Washington*, *available at* http://www.gsa.gov/portal/category/100120 (last visited Dec. 2, 2010).

[3] United States Courts defines members of the American Association of Language Specialists as professionally qualified interpreters. United States Courts, *Interpreter Categories*, *available at* http://www.uscourts.gov/FederalCourts/UnderstandingtheFederalCourts/DistrictCourts/CourtInterpreters/InterpreterCategories.aspx (last visited Dec. 2, 2010).

*December 2, 2010*
*Page 3 of 3*

### C.    Evony Has Not Secured a Location for the Depositions

Finally, Evony specified the my law firm's offices,[4] as the location of the depositions. However, Evony never discussed with Newman & Newman the feasibility of hosting eight days of depositions in its offices. In fact, Newman & Newman does not have the space to conduct depositions over such a protracted period of time. Heroic Era requests that Evony specify a more appropriate location for the witnesses' depositions for facilities it is authorized to use.

### D.    Conclusion

Heroic Era intends to make witnesses available to Evony for deposition.However, under the existing circumstances—the difficulty associated with traveling to the United States, the absence of translators to interpret witness testimony, and the lack of a deposition location—the noted dates for the depositions are inappropriate. Despite these concerns, Heroic Era will work with Evony and Regan Mercantile to resolve these issues and schedule the depositions in a location and on dates which are more practical.

If you have any questions or concerns, please feel free to contact me so we can discuss them.

Very Truly Yours,

NEWMAN & NEWMAN,
ATTORNEYS AT LAW, LLP

Derek Linke

---

[4] My law firm has since moved, and it would be impossible to conduct the depositions at the location noted.