# Exhibit 25

# EDWARDS ANGELL PALMER & DODGE LLP

111 Huntington Avenue  Boston, MA  02199  617.239.0100  *fax* 617.227.4420  eapdlaw.com

Joshua W. Gardner
617.951.2259
*fax* 888.325.9417
jgardner@eapdlaw.com

February 10, 2011

**VIA FAX, EMAIL, AND MAIL**

Derek Linke, Esq.
Newman & Newman, Attorneys at Law, LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101

      Re:   Heroic Era, Ltd. v. Evony, LLC and Regan Mercantile, LLC
             N.D. Cal. No. 10-cv-02458-SBA

Dear Mr. Linke:

I write again concerning Heroic Era's designation of documents and information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Stipulated Protective Order. My January 5, 2011 letter to you, pursuant to Section 6.2 of the Stipulated Protective Order, specifically challenged Heroic Era's mass designation of every single document it has produced in this case as confidential. I wrote,

> "this letter serves as notice pursuant to Section 6.2 of the Stipulated Protective Order that Evony challenges Heroic Era's wholesale designation of … all of the documents it has produced in this action … The Stipulated Protective Order provides that … 'mass, indiscriminate or routinized designations are prohibited.' … Heroic Era thus appears to take the position that the entirety of its information and every single one of its documents is confidential.  Such 'mass, indiscriminate, or routinized designations are prohibited' by the Stipulated Protective Order and appear designed to encumber the development of this case."

As noted in my subsequent communications, pursuant to the Protective Order the burden then fell on Heroic Era to file a motion to retain the confidentiality designation within 21 days of the notice.  Heroic Era failed to do so.  Accordingly, it is Evony's position that Heroic Era has already waived all of its confidentiality designations.

Evony nonetheless set up and took part in a meet and confer conference with you yesterday in the hopes of better understanding Heroic Era's position with respect to its designations.  As noted above, in my January 5, 2011 letter, Evony challenged Heroic Era's designation with respect to each of the produced documents.  During yesterday's meet and confer conference, however, you explained Heroic Era's contention that it properly affixed a designation to the disc containing documents produced.  Without conceding the accuracy of your position under the Protective Order, Evony does not pursue any question of whether Heroic Era's confidentiality

EDWARDS ANGELL PALMER & DODGE LLP

Derek Linke, Esq.
February 10, 2011
Page 2

designations were affixed properly. Evony continues to maintain that Heroic Era's blanket and indiscriminate designation of all documents produced without identifying specific documents that meet the standard for such designation under the Stipulated Protective Order is inappropriate and invalid. During our meet and confer yesterday, you expressly refused to discuss the propriety of *any* of Heroic Era's confidentiality designations as to specific documents.

Accordingly, Evony has more than complied with the requirements of the Stipulated Protective Order. Evony continues to maintain that Heroic Era already has waived all of its designations. Should Heroic Era contend otherwise, the Stipulated Protective Order requires Heroic Era to file a motion to retain each document's confidentiality within 14 days of yesterday's conference. Evony believes that Heroic Era is unable to meet the pre-condition to filing such a motion set forth in Section 6.3 of the Stipulated Protective Order, and Evony shall respond as appropriate if Heroic Era nevertheless files such a motion. In the absence of such a motion, Evony will treat all of Heroic Era's designations as having been waived, consistent with the terms of the Stipulated Protective Order.

Sincerely,

Joshua W. Gardner

cc:   S. Cowley
      A. O'Connor

BOS 864932.2