Steven M. Cowley (admitted *pro hac vice*)
*scowley@edwardswildman.com*
Andrew T. O'Connor (admitted *pro hac vice*)
*aoconnor@edwardswildman.com*
Joshua W. Gardner  (admitted *pro hac vice*)
*jgardner@edwardswildman.com*
EDWARDS WILDMAN PALMER LLP
111 Huntington Avenue
Boston, MA 02199
P: (617) 239-0100
F: (888) 325-9541

Jon-Paul Lapointe (CA Bar. No. 250546)
*jlapointe@edwardswildman.com*
EDWARDS WILDMAN PALMER LLP
660 Newport Center Drive, Suite 900
Newport Beach, CA 92660
P: (949) 423-2100

Attorneys for Defendants / Counterclaim Plaintiffs
EVONY, LLC and REGAN MERCANTILE, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEROIC ERA, LTD.,<br><br>             Plaintiff<br>             Counterclaim Defendant,<br><br>      vs.<br><br>EVONY, LLC, and<br>REGAN MERCANTILE, LLC,<br><br>             Defendants<br>             Counterclaim Plaintiffs. | Case No.  10-cv-2458 SBA (BZ)<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO WITHDRAW AS ATTORNEY FILED BY COUNSEL FOR PLAINTIFF OR, IN THE ALTERNATIVE, REQUEST THAT COUNSEL FOR PLAINTIFF COMPLY WITH L.R. 11-5(b)**<br><br>The Honorable Saundra B. Armstrong<br><br>Date:  October 25, 2011<br>Time: 1:00 p.m.<br>Location: Courtroom 1, 4th Floor |

Defendants Evony, LLC and Regan Mercantile, LLC (collectively, "Evony") respectfully oppose the Motion to Withdraw as Attorney ("Motion") filed by counsel of record for Heroic Era, Ltd., Derek A. Newman and Derek Linke of Newman DuWors LLP (collectively, "Newman DuWors"), on the grounds that Newman DuWors has failed to comply with L.R. 11-5(a) and that such requested withdrawal, without substitute counsel or continued acceptance of service by Newman DuWors pursuant to L.R. 11-5(b), will significantly prejudice Evony's ability to enforce this Court's orders and execute the Court's Final Judgment in this action.  Consequently, Evony requests that the Motion be denied or, in the alternative, that this Court order Newman DuWors to continue accepting service on behalf of Heroic Era pursuant to L.R. 11-5(b).

## STATEMENT OF ISSUES TO BE DECIDED

1.      Whether counsel seeking to withdraw should be required to continue accepting service on behalf of its client pursuant to Local Civil Rule 11-5(b) when the motion to withdraw was not accompanied by simultaneous appearance of substitute counsel or an agreement by the party to appear *pro se* and withdrawal will significantly prejudice the opposing party.

2.      Whether counsel's written notification of its intent to withdraw sent to a client in China on the same day as counsel's motion to withdraw satisfies the requirement of Local Civil Rule 11-5(a) that written notice must be sent "reasonably in advance to the client."

## STATEMENT OF RELEVANT FACTS

On September 20, 2011, Newman DuWors filed its Motion to withdraw as counsel for Heroic Era, a corporation.  (ECF No. 129).  That same day, Newman DuWors purportedly sent Heroic Era written notice of its intent to withdraw.  (Declaration of Derek Linke ("Linke Decl."), ECF No. 129-2, at ¶ 6).  No copy of Newman DuWors's purported written notification to Heroic Era was submitted with the Motion.

Newman DuWors's Motion to withdraw was not accompanied by simultaneous appearance of substitute counsel or agreement of Heroic Era to appear *pro se*.  Newman DuWors's Motion does not offer to continue accepting service on behalf of Heroic Era and no contact information is provided for anyone who can accept service on behalf of Heroic Era.

1

## ARGUMENT

2

**I.     THE FAILURE BY NEWMAN DUWORS TO PROVIDE A MANNER FOR
        SERVING HEROIC ERA UNDER L.R. 11-5(b) WILL PREJUDICE EVONY**

3

4              Granting Newman DuWors's Motion would significantly prejudice Evony's ability to

5      enforce this Court's orders and Final Judgment against Heroic Era.  Pursuant to L.R. 11-5(b):

6                       When withdrawal by an attorney from an action is not accompanied by
                        simultaneous appearance of substitute counsel or agreement of the party to
7                       appear pro se, leave to withdraw may be subject to the condition that
                        papers may continue to be served on counsel for forwarding purposes (or
8                       on the Clerk, if the Court so directs), unless and until the client appears by
                        other counsel or pro se.  When this condition is imposed, counsel must
9                       notify the party of this condition.  Any filed consent by the party to
                        counsel's   withdrawal   under   these   circumstances   must   include
10                      acknowledgment of this condition.

11     In the present case, Heroic Era has not consented to the withdrawal of Newman DuWors and the

12     Motion is not accompanied by a simultaneous appearance of substitute counsel.  Moreover, since

13     Heroic Era is a corporation and cannot appear in federal court without counsel, Heroic Era cannot

14     appear *pro se*.  *Windermere Holdings, LLC v. U.S. Wall Décor, LLC*, 2011 U.S. Dist. LEXIS

15     86005, *4-5 (N.D. Cal. Aug. 4, 2011).  Newman DuWors also failed to offer any contact

16     information for anyone at Heroic Era and fails to identify any method upon which service on

17     Heroic Era can be effected.[1]

18             Failure to comply with L.R. 11-5(b) will significantly prejudice Evony's ability to enforce

19     the Court's orders and Final Judgment in this action because Newman DuWors failed to identify

20     any method by which Evony could effect service on Heroic Era if Newman DuWors were to

21     withdraw.  As set forth in detail in Evony's Motion for Contempt and to Compel (ECF No. 70)

22     and Motion for Temporary Restraining Order (ECF No. 94), Heroic Era devoted all of its energy

23     in this case to concealing its true identity in order to continue profiting from its willful

24     infringement of Evony's copyrights.  Despite this Court's Order that Heroic Era must, *inter alia*,

25     _____

26     [1] During the August 9, 2011 telephonic meet and confer regarding Newman DuWors's Motion,
       Evony informed Derek Linke that Evony would not oppose a motion to withdraw if Newman
27     DuWors complied with L.R. 11-5(b).  Derek Linke stated that he would consider Evony's
       proposal and get back to Evony on the issue.  Rather than respond to Evony's proposal, Newman
28     DuWors filed their Motion over a month later, which makes no reference to L.R. 11-5(b) or
       Evony's proposal.  (*See* Declaration of Steven M. Cowley at ¶¶ 2-5).

shut down the *Caesary* Game, deliver to Evony all copies of the *Caesary* Game and *Evony* Game source code, provide an accounting of all revenues derived from the *Caesary* Game, and sign a notice of compliance with the Court's Order, Heroic Era has refused to do so in blatant defiance of this Court's Order.  (Order Accepting Report and Recommendation and Order of Reference, ECF No. 125).  Likewise, in an effort to enforce this Court's Final Judgment (ECF No. 131), California law requires service of writs of execution on Heroic Era.  *See* Cal. Civ. P. Code § 700.010(a).  If Newman DuWors's Motion is granted without compliance with L.R. 11-5(b), Evony will be unable to serve Heroic Era with a motion for contempt or effectively enforce the Court's Final Judgment.

Accordingly, Evony requests that the Court deny Newman DuWors's Motion or, in the alternative, order Newman DuWors to continue accepting service on behalf of Heroic Era until Heroic Era enters an appearance of substitute counsel.  *See Windermere Holdings*, 2011 U.S. Dist. LEXIS 86005, at *4-5 ("because Defendants have not consented to the withdrawal and neither [defendant] has filed substitutions of counsel, the motion is granted on the condition that Defendants' current counsel shall continue to serve on Defendants all papers from the court and from [plaintiffs] until Defendants file a substitution of counsel as provided by Civil Local Rule 11-5(b).").

## II.   NEWMAN DUWORS FAILED TO COMPLY WITH L.R. 11-5(a)

Newman DuWors failed to give written notice to Heroic Era reasonably in advance as required by L.R. 11-5(a).  Specifically, L.R. 11-5(a) states that "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client…"  Newman DuWors, however, did not give Heroic Era *written* notice of its intent to withdraw until September 20, 2011—the same day Newman DuWors filed its motion to withdraw.  (Declaration of Derek Linke ("Linke Decl."), ECF No. 129-2, at ¶ 6).  Moreover, Newman DuWors did not furnish a copy of this purported written notification along with its motion, calling into question whether the notification was sent to the appropriate person at Heroic Era at the correct address.  It is possible Heroic Era never received such written notice.  With a

1   Final Judgment already entered against Heroic Era (ECF No. 131), Heroic Era will not likely be

2   able to obtain substitute counsel in a timely manner, if at all. *See Robinson v. Delgado*, 2010 U.S.

3   Dist. LEXIS 92924 (N.D. Cal. Aug. 18, 2010) ("Because the litigation is in its final stages and it

4   would be very difficult for Plaintiff to obtain new counsel in a timely manner, the risk of

5   prejudice to Plaintiff is substantial.").  Notwithstanding the conspicuous absence of a copy of the

6   purported written notification, written notice sent to China (Linke Decl., ¶ 6) on the same day as

7   the filing of the Motion is not a reasonable application of the requirement that written notice be

8   sent "reasonably in advance." L.R. 11-5(a).  *See The Board of Trustees v. Harrison*, 2011 U.S.

9   Dist. LEXIS 53634, at *4 (N.D. Cal. Apr. 22, 2011) (noting that one-day notice via telephone and

10  email was insufficient and that, "[w]ithout establishing before the Court that it has provided the

11  required written notice of this motion[] to its client and all parties, the Court cannot grant

12  [counsel's] motion.").

13      Newman DuWors's failure to comply with the notice requirement of L.R. 11-5(a) will

14  prejudice Evony's ability to enforce this Court's Final Judgment, *supra*.  Specifically, Evony

15  cannot risk having its efforts to enforce this Court's Final Judgment be undermined by claims that

16  Heroic Era's due process rights were violated because Newman DuWors failed to provide Heroic

17  Era with written notice of its withdrawal pursuant to L.R. 11-5(a).  It was Newman DuWors's

18  obligation, not Evony's, to provide Heroic Era with written notice of the Motion "reasonably in

19  advance."  Evony should not be burdened with the prejudice that could result from being unable

20  to enforce its rights against Heroic Era simply because Newman DuWors failed to meet its basic

21  obligations to its client.

22  **III.   CONCLUSION**

23      In light of the foregoing, Evony respectfully requests that the Court deny Newman

24  DuWors's Motion to withdraw as counsel for Heroic Era or, in the alternative, order Newman

25  DuWors to continue accepting service on behalf of Heroic Era pursuant to L.R. 11-5(b) until

26  substitute counsel enters an appearance on behalf of Heroic Era.

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

EVONY, LLC and REGAN MERCANTILE, LLC
*By their attorneys*,

EDWARDS WILDMAN PALMER LLP

Dated:  October 4, 2011

/s/Andrew T. O'Connor

Steven M. Cowley (*pro hac vice*)
Andrew T. O'Connor (*pro hac vice*)

EDWARDS WILDMAN
PALMER LLP

OPPOSITION TO MOTION TO WITHDRAW
CIVIL ACTION NO. 10-cv-2458-SBA (BZ)

BOS 883963.1

1

**CERTIFICATE OF SERVICE**

2

COMMONWEALTH OF MASSACHUSETTS, COUNTY OF SUFFOLK:

3

      I, Andrew T. O'Connor, declare as follows:

4

      I am employed in the County of Suffolk, Commonwealth of Massachusetts.  I am over the

5

age of 18 and not a party to the within-entitled action.  My business address is 111 Huntington

6

Avenue, Boston, Massachusetts 02119.  On October 4, 2011, I served a true and correct copy of

7

the following document(s) on all parties via the Court's Electronic Case Management System on

8

all counsel of record:

9

10

      **OPPOSITION TO MOTION TO WITHDRAW**
      **DECLARATION OF STEVEN M. COWLEY**
      **PROPOSED ORDER**

11

12

| Derek Linke, Esq. | Derek A. Newman, Esq. |
|---|---|
| linke@newmanlaw.com | derek@newmanlaw.com |

13

14

Newman DuWors, LLP
1201 Third Avenue, Suite 1600
Seattle, WA 98101
Phone:  (206) 274-2800
Facsimile:  (206) 274-2801
Attorneys for Plaintiff Heroic ERA, Ltd.

15

16

17

      I declare under penalty of perjury under the laws of the United States and the State of

18

California that the above is true and correct.  Executed on October 4, 2011, at Boston,

19

Massachusetts.

20

           /s/ Andrew T. O'Connor

21

           Andrew T. O'Connor

22

23

24

25

26

27

28

EDWARDS WILDMAN
PALMER LLP

OPPOSITION TO MOTION TO WITHDRAW
CIVIL ACTION NO. 10-CV-2458-SBA (BZ)

- 7 -

BOS 883963.1