UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HEROIC ERA, LTD.,<br><br>      Plaintiff(s),<br><br>  v.<br><br>EVONY, LLC, et al.,<br><br>      Defendant(s).<br>_____<br>EVONY, LLC, et al.,<br><br>      Counterclaim<br>      Plaintiffs,<br><br>  v.<br><br>HEROIC ERA, LTD.,<br><br>      Counterclaim<br>      Defendant. | No. C10-2458 SBA (BZ)<br><br>**ORDER GRANTING MOTION TO WITHDRAW** |

     The law firm of Newman Du Wors, LLP ("Newman Du Wors") has filed a motion to withdraw as attorney of record for Plaintiff, Heroic Era, LTD ("Heroic Era"). (Docket No. 129.) Newman Du Wors moves to withdraw due to Heroic Era's failure to pay invoices for legal services that Newman Du Wors has rendered and due to Heroic Era's failure to communicate with

1

Newman Du Wors, which Newman Du Wors has stated is hampering its ability to represent Heroic Era's interests. Heroic Era has not filed an opposition to the motion to withdraw; however, counsel for Defendant Evony, LLC ("Evony") filed an opposition, arguing that the written notice provided by Newman Du Wors to Heroic Era pursuant to Local Rule 11-5(a) of its intent to withdraw as counsel of record was insufficient, and that if Newman Du Wors is permitted to withdraw, Evony will suffer prejudice because it will be unable to serve Heroic Era with a motion for contempt or to enforce the judgment entered against Heroic Era. (Def.'s Opp. Brief p. 4.)

According to Civil Local Rule 11-5, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." Further, "[w]hen withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear *pro se*, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes, unless and until the client appears by other counsel or pro se." Civil L.R. 11-5(b). In this district, the conduct of counsel, including withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. See <u>Elan Transdermal Limited v. Cygnus Therapeutic Systems</u>, 809 F.Supp. 1383, 1387 (N.D. Cal. 1992). Under California Rule of Professional Conduct 3-700(C)(1)(d), an attorney may request permission to withdraw

if the client's "conduct renders it unreasonably difficult for the [attorney] to carry out the employment effectively." An attorney may also request permission to withdraw if the client breaches an agreement or obligation to the member as to expenses or fees. California Rules of Professional Conduct Rule 3-700(C)(1)(f). The decision to grant or deny an attorney's motion to withdraw as counsel is committed to the sound discretion of the trial court. <u>LaGrand v. Stewart</u>, 133 F.3d 1253, 1269 (9th Cir. 1998).

In the present case, good cause for withdrawal exists. Heroic Era's refusal to communicate with Newman Du Wors makes it unreasonably difficult for Newman Du Wors to represent Heroic Era effectively. Moreover, according to Newman Du Wors, Heroic Era has refused to pay invoices for legal services. There is also no indication that Newman Du Wors' withdrawal would cause any prejudice to other litigants or that it would harm or unduly delay the administration of justice. Newman Du Wors provided Heroic Era with written notice of its intent to withdraw on September 20, 2011, and Heroic Era has not responded despite having nearly 8 weeks to do so. However, given that Heroic Era has not assented to Newman Du Wors' withdrawal as counsel and given that Newman Du Wors' motion to withdraw as counsel is not accompanied by a simultaneous appearance of substitute counsel, Newman Du Wors

///
///
///
///

3

shall continue to accept service of papers for forwarding purposes until Heroic Era appears by other counsel.

Dated: November 21, 2011

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\HEROIC ERA V. EVONY\ORD ON MOTION TO WITHDRAW AS COUNSEL.wpd